Scott J. Gerlach, Esq.
JERMAIN, DUNNAGAN & OWENS, P.C.
111 W 16th Avenue, Suite 203
Anchorage, AK  99501
(907)563-8844
sgerlach@jdolaw.com

*Attorneys for Anchorage Neighborhood Health Center Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACOB HUNT and STEVEN ALEXANDER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ANCHORAGE NEIGHBORHOOD HEALTH CENTER, INC.,<br><br>Defendant. | Civil Action No.<br><br><br><br>**NOTICE OF REMOVAL**<br>(Pursuant to 28 U.S.C. §§ 1331, 1442(a)(1), 2679(d) and 42 U.S.C. § 233(1)(2))<br><br><br>[Federal Defendant] |

## INTRODUCTION

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1442, 2679(d) and 42 U.S.C. § 233(*l*)(2), and on the grounds set forth below, Removing Defendant Anchorage Neighborhood Health Center, Inc. ("ANHC"), removes to this Court the state court civil action captioned *Jacob Hunt and Steven Alexander, et. al., v. Anchorage Neighborhood Health Center, Inc.*, No. 3AN-25-11122CI, filed in the Superior Court for the State of

Alaska, Third Judicial District at Anchorage (the "State Action"). A copy of Plaintiff's Class Action Complaint ("CAC" or "Complaint") is attached hereto as Exhibit A.

## I. Factual Background

1. On December 9, 2025, Plaintiffs Jacob Hunt and Steven Alexander commenced the above-referenced action in the Superior Court for the State of Alaska, Third Judicial District at Anchorage ("the Superior Court") by filing a complaint against Removing Defendant ANHC.[1] Plaintiff Hunt and Plaintiff Alexander (collectively, "Plaintiffs") served ANHC with a copy of the CAC on January 7, 2026.

2. ANHC is a non-profit, federally-supported community "health center" that provides medical, dental, and behavioral health services to underserved communities in and around Anchorage, Alaska, where it is located. Pursuant to Section 330 of the Public Health Service Act, codified at 42 U.S.C. § 254b *et seq.*, ANHC is a "health center" that serves medically underserved communities, a federal grant recipient (Grant No. H80CS00146), and a "deemed entity" pursuant to 42 U.S.C. § 233(g). A copy of the "Deeming Notice" issued by the Health Resources and Service Administration ("HRSA") is attached as Exhibit B ("Deeming Notice").

3. At all times relevant to the allegations in the CAC, the Secretary of the U.S. Department of Health and Human Services ("HHS") deemed ANHC—and its officers, employees, governing board members, and certain contractors—as U.S. Public Health

---

[1] A separate action was filed by plaintiffs Darryl Hoy, Laura Jean Wachholtz, and Lewis Diggs, in Superior Court for the State of Alaska, Third Judicial District at Anchorage under case no. 3AN-25-09228CI, alleging similar causes of action related to the same malware attack against ANHC. Removing defendant ANHC also removed that case to U.S. District Court for the District of Alaska, and that matter is currently pending before Senior District Judge H. Russel Holland, in case no. 3:25-CV-00289.

Services ("PHS") "employees" under 42 U.S.C. § 233(a). *See* Ex. B. "Deeming" status under 42 U.S.C. § 233(a) and § 233(g) provides the deemed entity with absolute immunity from *any* civil action or proceeding resulting from their performance of (or alleged failure to perform) "medical . . . or related functions." 42 U.S.C. § 233(a), (g), (h).

4. According to the Complaint, Plaintiffs are ANHC patients who received health care services from ANHC. *See, e.g.*, Ex. A ¶¶ 1, 3, 25, 48-49, 118, 160, 174. As Plaintiffs allege: "Plaintiffs provided Defendant with their sensitive PII and PHI as a condition of receiving healthcare services from Defendant." *Id.*, ¶ 118; <u>see also id., ¶ 49, 160, 174 (same).</u>

5. ANHC's continuous deemed PHS employee status, since at least calendar year 2010, is reflected on a web-based platform maintained by HHS's Health Resources and Services Administration ("HRSA"): https://data.hrsa.gov/tools/ftca-search-tool. The site lists each deemed entity by name, address, and calendar year "deeming period." *Id.* ANHC's deemed status is also reflected in a Notice of Deeming Action—issued by the Secretary of HHS—for each calendar year.

6. As explained below, the immunity from suit provided by § 233(a) and § 233(g) deeming applies to the State Action. Plaintiffs, current and former patients of ANHC, allege that Removing Defendant failed to ensure the confidentiality of their electronic patient medical records.

7. As alleged in their CAC, Plaintiffs seek damages and injunctive relief arising from an August 2025 ransomware attack against ANHC, which allegedly resulted in the unauthorized disclosure of Plaintiffs' electronic patient medical records maintained by

NOTICE OF REMOVAL
*Jacob Hunt, et al., v. ANHC, Case No.* Page **3** of **20**
Case 3:26-cv-00048-SLG Document 1 Filed 01/27/26 Page 3 of 20

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
111 W 16th AVENUE, SUITE 203
ANCHORAGE, ALASKA 99501
(907) 563-8844
FAX (907) 563-7322

ANHC. *See* Ex. A, CAC, at ¶¶ 15, 84, 123-126; *id.* at 128-143 (**"PLAINTIFFS AND CLASS MEMBERS DAMAGES**.") (emphasis in original). This includes damages for personal injury. *Id.*, ¶ 84 (alleging that because of the Data Breach "Plaintiffs and the proposed Class have suffered and will continue to suffer damages, including monetary losses, lost time, anxiety and emotional distress"); *id.*, ¶ 143 (same).)

8. Plaintiffs assert three causes of action in their Complaint: for negligence, breach of implied contract, and unjust enrichment. *Id.*, ¶¶ 159-172 (negligence); *id.*, ¶¶ 173-184 (breach of implied contract); *id.*, ¶¶ 185-199 (unjust enrichment). Section 233(a)'s immunity—which is premised on the defendant's *conduct*, not the plaintiff's theory of liability or cause of action—is easily broad enough to cover these claims. *Hui v. Castaneda*, 559 U.S. 799, 806 (2010) (recognizing plain text of § 233(a) is broad enough to "easily accommodate both known and unknown causes of action").

9. This civil action falls squarely within 42 U.S.C. § 233(a)'s immunity protection. It arises out of ANHC's performance of mandatory and essential medical, surgical and dental functions, and at the very least functions inextricably interwoven with such functions within the meaning of § 233(a)'s recitation of immunized conduct. *See, e.g.*, *Krandle v. Refuah Health Ctr., Inc.*, No. 22-cv-4977, 2024 WL 1075359, at *8–10 (S.D.N.Y. Mar. 12, 2024) (holding deemed health center defendant's alleged duty to safeguard patient data is a "medical . . . or related function") (appeal docketed, 25-766, April 3, 2025).

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
111 W 16th AVENUE, SUITE 203
ANCHORAGE, ALASKA 99501
(907) 563-8844
FAX (907) 563-7322

NOTICE OF REMOVAL
*Jacob Hunt, et. al., v. ANHC, Case No.*
Case 3:26-cv-00048-SLG    Document 1    Filed 01/27/26    Page 4 of 20
Page 4 of 20

## II. VENUE AND REMOVAL PROCEDURES

10. Venue is proper because this Notice of Removal is filed in the federal district court embracing the place where the local state court matter is pending. 28 U.S.C. §§ 1441(a), 1446(a).

11. A copy of this Notice of Removal is being filed with the local state court where this action was filed. 28 U.S.C. § 1446(d).

12. Pursuant to 42 U.S.C. § 233(*l*)(2), all proceedings in this case are automatically stayed pending the Court's hearing and threshold immunity determination. 42 U.S.C. § 233(*l*)(2) (upon removal, "[t]he civil action . . . *shall be stayed* in [the appropriate United States district court] until such court conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim for damages described in subsection (a) and issues an order consistent with such determination" (emphasis added)).

## III. Federal Question Jurisdiction

13. Federal district courts have subject-matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1. A suit filed in state court may be removed to federal court where the District Court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law. 28 U.S.C. § 1331.

14. This Court has jurisdiction over this civil action—to adjudicate ANHC's immunity defense—under two separate and alternative federal officer removal statutes: 42 U.S.C. § 233(*l*)(2), and 28 U.S.C. § 1442(a)(1). § 233(*l*)(2) provides a removal right to

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
111 W 16th AVENUE, SUITE 203
ANCHORAGE, ALASKA 99501
(907) 563-8844
FAX (907) 563-7322

NOTICE OF REMOVAL
*Jacob Hunt, et. al., v. ANHC, Case No.*
Case 3:26-cv-00048-SLG   Document 1   Filed 01/27/26   Page 5 of 20
Page 5 of 20

entities and individuals the HHS Secretary has deemed to be PHS employees to determine their federal immunity as such. § 1442(a)(1), known as the general federal officer removal statute, provides a removal right to federal officers and those acting under them who are sued in their official capacity.

## IV. Statutory framework

### A. FSHCAA Deemed Entity: 42 U.S.C. § 233

#### i. Federal Torts Claims Act

15. A federal district court has original jurisdiction over claims arising under the Federal Torts Claims Act ("FTCA"). *Lauria v. United States,* 542 F. Supp. 3d 926, 930 (D. Alaska 2021).

16. Under the Emergency Health Personnel Act of 1970, Pub. L. No. 91-623, § 4, 84 Stat. 1868, 1870-71 (1970), *codified at* 42 U.S.C. § 233, PHS personnel are absolutely immune from any civil action or proceeding arising out of official conduct. § 233(a). Section 233(a) extends absolute immunity to PHS personnel by making the remedy for damages against the United States under the Federal Tort Claims Act ("FTCA") the *exclusive* remedy for such actions. *Id*.

17. To facilitate the legislative objective of ensuring medical services in underserved areas, § 233(a) shields PHS personnel from personal liability arising out of their performance of medical, surgical, dental, and related functions. *Id.* Without such protection, the cost of professional liability insurance would greatly hinder or altogether preclude the performance of those duties. *See id.*; H.R. Rep. No. 1662, 91st Cong., 2d Sess. 1 (1970); 116 Cong. Rec. 42,543 (1970) (Rep. Staggers, House sponsor, stating PHS

physicians "cannot afford to take out the customary liability insurance as most doctors do," "because of the low pay that so many of those who work in the [PHS] receive.").

18. The Federally Supported Health Centers Assistance Act ("FSHCAA") of 1992, as amended in 1995, authorizes the HHS Secretary to extend to certain federally supported health centers and their officers, governing board members, and employees (and certain contractors) the same absolute immunity § 233(a) affords to actual PHS employees. 42 U.S.C. § 233(g)(1)(A), (B); *Friedenberg v. Lane County*, 68 F.4th 1113, 1126 (9th Cir. 2023) (concluding plain language in § 233(g)(1)(A) provides that "the protection in § 233(g) is the same as in § 233(a)"); *accord Agyin v. Ramzan*, 986 F.3d 168, 177 (2d Cir. 2021) (recognizing deemed PHS defendant "receive[s] from the federal government a delegation of the same legal immunity that is extended to employees of the Public Health Service"); *Blumberger v. Tilley*, 115 F.4th 1113, 1117 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 2818, 222 L. Ed. 2d 1100 (2025) ("The immunity for deemed PHS employees is identical to the immunity for true PHS employees.") (citing § 233(g)(1)(A)).

19. "Specifically, the FSHCAA 'created a process by which "public and nonprofit private entities" receiving federal funds pursuant to 42 U.S.C. § 254b(c)(1)(A) "shall be deemed to be [employees] of the Public Health Service." 42 U.S.C. § 233(g)(1)(A).'" *Friedenberg v. Lane Cnty.*, Case No. 6:18-cv-00177-JR, 2018 WL 11352363, at *2 (D. Ore. May 23, 2018) (quoting *Lomando v. United States*, 667 F.3d 363, 371 (3d Cir. 2011)).

20. Under § 233(a), the FTCA remedy applies to "damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related

NOTICE OF REMOVAL
*Jacob Hunt, et al., v. ANTHC*, Case No. 3:26-cv-00048-SLG    Page 7 of 20
Case 3:26-cv-00048-SLG    Document 1    Filed 01/27/26    Page 7 of 20

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
111 W 16th AVENUE, SUITE 203
ANCHORAGE, ALASKA 99501
(907) 563-8844
FAX (907) 563-7322

functions . . . ." 42 U.S.C. § 233(a). An "'entity receiving Federal funds under [42 U.S.C. § 254(b)]'" is deemed to be a PHS employee for purposes of such claims. *Rosenblatt v. St. John's Episcopal Hosp.*, 2012 WL 294518, at *4 (E.D.N.Y. Jan. 31, 2012) (quoting 42 U.S.C. § 233(g)(4)). "[A]ny officer, governing board member, or employee of such an entity" is also included. 42 U.S.C. § 233(g)(1)(A). Claims concerning conduct or activities committed by deemed PHS employees while acting within the scope of their employment are covered by the FSHCAA. *Rosenblatt*, 2012 WL 294518, at *4 (citing 42 U.S.C. § 233(a)).

21. Accordingly, "both federally supported community health centers and their employees . . . are immunized from tort claims arising from medical care (within the course and scope of their employment), in that such claims can only be brought against the United States under the FTCA." *Huynh v. Sutter Health*, Case No. 2:20-cv-1757-MCE-CKD, 2021 WL 2268889, at *2 (E.D. Cal. June 3, 2021) (citing 42 U.S.C. § 233(a)). This immunity is absolute. *See Hui*, 559 U.S. at 806 (2010) ("Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct.")).

22. To qualify as a deemed entity for § 233(a) immunity purposes, a health center "receiving Federal funds under [42 U.S.C. § 254b]" must submit an application with detailed information and supporting documentation sufficient for the HHS Secretary to verify that the coverage should apply to all services provided by the health center to patients and, in certain circumstances, non-patients. 42 U.S.C. § 233(g)(1)(A), (g)(4). The applicant
NOTICE OF REMOVAL
*Jacob Hunt, et. al., v. ANTHC*, Case No. 
Case 3:26-cv-00048-SLC    Document 1    Filed 01/27/26    Page 8 of 20
Page 8 of 20

is also required to demonstrate that the health center meets four requirements listed in § 233(h), including a requirement to "implement[] appropriate policies and procedures to reduce the risk of malpractice *and the risk of* lawsuits *arising out of any health or health-related functions performed by the entity*." 42 U.S.C. § 233(g)(1)(D) and (h) (emphasis added). The HHS Secretary must design an "application . . . to verify" that the health center applicant has done so. *Id.* § 233(g)(1)(D).

23. In that HHS-prescribed deeming application—which sets conditions for deemed status—the health center applicant is required to (among other things) assure HHS it would "implement and maintain systems and procedures for *protecting the confidentiality of patient information and safeguarding this information against loss, destruction, or unauthorized use*, consistent with federal and state requirements." HHS, HRSA, *Calendar Year 2026 Requirements for FTCA Coverage for Health Centers and Their Covered Individuals* at 21, attached hereto as Exhibit C (emphasis added).[2]

24. In applying for deemed PHS employee status, the health center must acknowledge that its "failure to implement and maintain systems and procedures for protecting the confidentiality of patient information and safeguarding this information against loss, destruction, or unauthorized use may result in disapproval of [the HHS] deeming application." *Id.* Because HHS has identified Health Insurance Portability and Accountability Act ("HIPAA") compliant "*medical record confidentiality and security*" as

---

[2] HHS issues a new deeming application each calendar year. Accordingly, the publicly available version of the application is for deeming in calendar year 2026: https://bphc.hrsa.gov/sites/default/files/bphc/data-reporting/pal-2025-01.pdf (last visited October 22, 2025). Exhibit D is a true and correct copy of the calendar 2025 application, obtained when it was publicly available.

NOTICE OF REMOVAL
*Jacob Hunt, et. al., v. ANTHC, Case No.*
Case 3:26-cv-00048-SLG   Document 1   Filed 01/27/26   Page 9 of 20
Page 9 of 20

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
111 W 16th AVENUE, SUITE 203
ANCHORAGE, ALASKA 99501
(907) 563-8844
FAX (907) 563-7322

one of the "areas/activities of *highest clinical risk* for the health center," a health center applicant is also required to develop, implement, and document the completion of an "annual health care risk management training plan for staff members" that included, among other things, training on "[HIPAA] and other applicable medical record confidentiality requirements." *Id.* at 12–13 (emphasis added).

25. The HHS Secretary must make a deeming determination for health centers and their personnel within 30 days of receipt of such an application. 42 U.S.C. § 233(g)(1)(E). The application seeks deemed federal status in advance of and for a specific prospective period (*i.e.*, one calendar year). A favorable deeming determination by the Secretary is "final and binding," *id.* § 233(g)(1)(D)–(F), on HHS, the Attorney General, and "other parties to *any* civil action or proceeding," *id.* § 233(g)(1)(F) (emphasis added), with respect to the designated period.

26. After "HHS deems an entity or individual a Public Health Service employee, this determination 'shall be final and binding upon the Secretary and the Attorney General and other parties to any civil action or proceeding.'" *Rosenblatt*, 2012 WL 294518, at *4 (citing 42 U.S.C. § 233(g)(1)(F))). "Once deemed a PHS employee, the entity and covered individuals enjoy certain procedural protections in litigation." *Huynh*, 2021 WL 2268889, at *3.

27. By requiring a prompt and advance deeming determination, and conferring absolute immunity from any action or proceeding resulting from covered conduct in that period, the FSHCAA is designed to eliminate a federally-supported health center's need to purchase private liability insurance and to thus allow centers to devote their federal grant

NOTICE OF REMOVAL
*Jacob Hunt, et. al., v. ANTHC, Case No.* Page 10 of 20
Case 3:26-cv-00048-SLG  Document 1  Filed 01/27/26  Page 10 of 20

funds to patient services. *See* H.R. Rep. 102-823, pt. 1, 1992 U.S.C.C.A.N. 2627, 1992 WL 197773 at *3. "While Congress's concerns regarding malpractice insurance premiums were the driving force behind the legislation, Congress did not limit § 233 immunity to 'only' malpractice claims when it could have." *Friedenberg*, 68 F.4th at 1127–28 (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 108 (2d Cir. 2000)).

28. ANHC submitted deeming applications for itself and its personnel for all times relevant to this action. The HHS Secretary, under 42 U.S.C. § 233(g) and (h), approved the applications and deemed ANHC and its personnel to be PHS employees for purposes of the protections afforded under § 233(a) *et seq*. *See* https://data.hrsa.gov/tools/ftca-search-tool; *see also* Ex. B (Notice of Deeming Action for calendar year 2025).

29. As noted above, the HRSA issued a Deeming Notice confirming that ANHC is deemed to be a PHS employee for purposes of the FTCA and FSHCAA for the periods relevant to the CAC. *See* Ex. B.

  *ii.* **ANHC's Right to Removal under Section 233(l)(2) & Blumberger**

30. A federally funded community health center facing a state court suit asserting claims that "fall under the FTCA through the FSHCAA" must notify the appropriate agency – in this case, HHS – of the filing of the action and provide a copy of the relevant pleadings. *See McDaniel v. Mylan, Inc.*, Case No. 7:19—CV-00209, 2019 WL 1989234, at *3 (N.D. Ala. May 6, 2019); *Estate of Booker v. Greater Philadelphia Health Action, Inc.*, 10 F. Supp. 3d 656, 665 (E.D. Penn. 2014); 28 C.F.R. § 15.2.

NOTICE OF REMOVAL
*Jacob Hunt, et. al., v. ANHC, Case No.* Page **11** of **20**
Case 3:26-cv-00048-SLG   Document 1   Filed 01/27/26   Page 11 of 20

31. Within 15 days after being notified that a complaint has been filed in state court against a Deemed Entity, the Attorney General "shall make an appearance in such court and advise such court as to whether the Secretary has determined under subsections (g) and (h), that such entity, officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding." 42 USC § 233(*l*)(1).

32. In this case, after ANHC provided the requisite notice of the Complaint to the HHS, the Attorney General appeared in the State Court Action on January 6, 2026 within the 15-day limit of § 233(*l*)(1). The Attorney General advised ANHC that the Attorney General did not believe that the Hunt complaint fell within the scope of section 233(a) as a "related function" to medical services. See Ex. E (Jan. 6, 2026, § 233(*l*)(1) Notice).

33. In the event that the Attorney General appears in State Court and advises that it has made a negative determination regarding the Deemed Entity's immunity in the action under § 233, as happened here, the entity may remove to federal court to seek "a federal hearing to determine [its] status." *Blumberger*, 115 F.4th at 1135-36 (declining to "insulate the Attorney General's deeming advice to the state court…from judicial review"); *see also In re Cmty. Clinic of Maui Data Breach Litig.,* No. 25-CV-00030, 2025 WL 1863106 (D. Hawai'i July 7, 2025) ("[T]he court has concluded that *Blumberger* authorizes judicial review of [an] unfavorable [§ 233(*l*)] certification").

### B. Federal Officer Removal: 28 U.S.C. § 1442

34. ANHC is also removing this action to federal court under 28 U.S.C. § 1442(a), the federal officer removal statute. "[T]he Federal Officer Removal statute as set forth in 28 U.S.C. § 1442(a)(1), [ ] 'authorizes removal of a civil action brought against any person acting under an officer of the United States for or relating to any act under color of such office.'" *Kruse v. Actuant Corp.*, Case No. 2:19-cv-09540, 2020 WL 3287883, at *3 (C.D. Cal. June 18, 2020) (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1120 (9th Cir. 2014)).

35. "Unlike removal pursuant to 28 U.S.C. § 1441, the Supreme Court has 'mandated a generous interpretation of the federal officer removal statute.'" *Cratin v. Sandiford*, Case No. 14-CV-03374-LHK, 2014 WL 5454691, at *2 (N.D. Cal. Oct. 27, 2014) (quoting *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006)). "The right of removal under § 1442 is 'absolute.'" *Cratin*, 2014 WL 5454691, at *2 (quoting *Durham*, 445 F.3d at 1252. Therefore, as the U.S. Court of Appeals for the Ninth Circuit has stated, "[s]ection 1442 is to be 'interpreted broadly in favor of removal.'" *Perez v. Consol. Tribal Health Project*, Case No. 12-5403-SC, 2013 WL 1191242, at *2-3 (N.D. Cal. Mar. 21, 2013) (quoting *Durham*, 445 F.3d 1247 at 1252). Thus, Section 1442(a)(1) removal "is not subject to the well-pleaded complaint rule." *Kruse*, 2020 WL 3287883, at *3 (citing *Durham*, 445 F.3d at 1252).

36. As set forth in the allegation below, the United States Supreme Court is currently reviewing the scope of the federal officer removal statute. Under current law, a party seeking removal under section 1442 must demonstrate that (a) it is a 'person' within

NOTICE OF REMOVAL
*Jacob Hunt, et. al., v. ANHC, Case No.*  
Case 3:26-cv-00048-SLG   Document 1   Filed 01/27/26   Page 13 of 20
Page 13 of 20

the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Perez*, 2013 WL 1191242, at *2. With respect to a "colorable" federal defense, "the removing defendant need not show that the defense is meritorious, but that there is a legitimate question of federal law to be decided regarding the validity of the defense." *Kruse*, 2020 WL 3287883, at *3 (citing *Mesa v. California*, 489 U.S. 121, 129 (1989).

37. The current scope of removal under the statute is pending before the United States Supreme Court. *See Chevron USA Inc., et al. v. Plaquemines Parish, Louisiana, et al.*, No. 24-813 (petition granted June 16, 2025). One of the questions the Supreme Court has currently granted certiorari on—"[w]hether a causal-nexus or contractual direction test survives the 2011 amendment to the federal-officer removal statute"—may have a direct impact on the Ninth Circuit federal officer removal test. *See DiFiore*, 85 F.4th at 554 (holding that to satisfy the statute, a removing private entity must show that "(a) it is a 'person' within the meaning of the statute; (b) *there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims*; and (c) it can assert a 'colorable federal defense'") (emphasis added, quoting *Goncalves ex rel. Goncalves v. Rady Childs. Hosp. San Diego*, 865 F.3d 1237, 1244 (9th Cir. 2017)); *see also California by and through Harrison v. Express Scripts, Inc.*, 154 F.4th 1069, 1079 (9th Cir. 2025) (same).

V.  **Timeliness of removal action**

38. Plaintiffs initiated the CAC on December 11, 2025, but did not perfect actual service of the CAC on ANHC until January 7, 2026.

NOTICE OF REMOVAL
*Jacob Hunt, et. al., v. ANHC,* Case No.
Page 14 of 20
Case 3:26-cv-00048-SLG   Document 1   Filed 01/27/26   Page 14 of 20

39. ANHC's federal officer removals are timely. *Blumberger*, 115 F.4th at 1123 (recognizing removal under § 233(*l*) as timely "any time before trial" (citing 42 U.S.C. § 233(c)). And removal under § 1442 is timely as it is within thirty (30) days of "the receipt by defendant, through service," of an initial pleading or "other paper" that affirmatively reveals facts necessary for federal-officer jurisdiction. 28 U.S.C. § 1446(b)(1).

40. No previous Notice of Removal has been filed or made with this Court for the relief sought herein with respect to the Complaint.

## VI. Legal And Factual Grounds for Removal

### A. Removal Pursuant to 42 U.S.C. § 233(l)(2)

41. Plaintiffs' exclusive remedy with respect to the alleged acts or omissions of ANHC is a claim against the United States under the FTCA. *See* 42 U.S.C. § 233(a) (providing that remedy against United States under FTCA "shall be exclusive of any other civil action or proceeding").

42. Because, under *Blumberger*, ANHC is authorized to seek judicial review of the Attorney General's negative determination in a federal forum, ANHC is exercising its removal rights to vindicate its § 233(a) immunity. 115 F.4th at 1135-36.

43. The term "related functions" as used in § 233(a) includes administrative or operational activities that relate to the provision of medical, dental, or surgical healthcare. *See, e.g., C. K. v. United States*, Case No. 19-CV-2492 TWR (RBB), 2020 WL 6684921, at *6 (S.D. Cal., Nov. 12, 2020) ("administrative or operational duties could qualify as related functions where they were connected to the provision of medical care").

NOTICE OF REMOVAL
*Jacob Hunt, et. al., v. ANHC, Case No.* Page 15 of 20
Case 3:26-cv-00048-SLG   Document 1   Filed 01/27/26   Page 15 of 20

44. Maintaining electronic health records ("EHR") for patients receiving health care and ensuring the confidentiality of such records is a core function of providing healthcare and is thus a "medical … or related function" within the meaning of 42 U.S.C. § 233(a). First, the government has created a HealthIT ecosystem that mandates the use of vulnerable EHR in the provision of healthcare, making its use, storage, maintenance and security inseparable from the performance of medical functions in the United States. Government actions, through the HITECH Act (Pub. L. 111-5), the 21st Century Cures Act, (Pub. L. 114-255), and ever-evolving HIPAA security rules, along with a litany of peer-reviewed studies emphasize this point. *See e.g., Medicare & Medicaid Programs; Electronic Health Record Incentive Program*, 75 Fed. Reg. 44,314, 44,319–20 (July 28, 2010); *21st Century Cures Act: Interoperability, Information Blocking, and the ONC Health IT Certification Program*, 85 Fed. Reg. 25,642, 25,644–45 (May 1, 2020).

45. Underlying this structure is the reality that maintaining the confidentiality of health records, like mandatory reporting laws, is a legally mandated function of providing health care under both state and federal law. With respect to federal law, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") requires that healthcare providers maintain patient health records and disclose such records only with patient authorization (45 C.F.R. § 164.502) or "for treatment, payment, or health care operations" (45 C.F.R. § 164.506), and requires maintenance of administrative, physical, and technical safeguards for electronic patient health records to guard against unauthorized access or disclosure (45 C.F.R. § 164.302 et seq.). Furthermore, the statute which governs the federal health center program, and which renders health centers eligible for § 233(a) immunity,

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
111 W 16th AVENUE, SUITE 203
ANCHORAGE, ALASKA 99501
(907) 563-8844
FAX (907) 563-7322

NOTICE OF REMOVAL
*Jacob Hunt, et. al., v. ANTHC, Case No.* Page 16 of 20

requires the center to have, among other things, "an ongoing quality improvement system that includes clinical services and management, and that maintains the confidentiality of patient records." 42 U.S.C. § 254b(b)(1)–(2), (k)(3)(C).

46. Consistent with the foregoing, federal courts have determined that § 233(a) immunity applies to alleged breaches of patient confidentiality, such as those alleged here. *See Logan v. St. Charles Health Council, Inc.*, Case No. 1:06CV00039, 2006 WL 1149214, at *1–3 (W.D. Va., May 1, 2006) (holding that FTCA embraces claims for breach of privacy statute, though § 233(a) did not apply in that case because plaintiff's claims implicated employer/employee relationship, rather than patient/medical professional relationship); *Roberson v. Greater Hudson Valley Family Health Ctr., Inc.*, Case No. 17-CV-7325 (NSR), 2018 WL 2976024, at *1 (S.D.N.Y. June 12, 2018) (claim alleging that employee of defendant inappropriately accessed plaintiff's medical records and disclosed information to people who knew plaintiff for non-medical reasons must be dismissed for failure to file administrative claim as required by FTCA).

47. The rationale for these holdings applies here. Contrary to the United States' position (the government does not appear to have individually analyzed the allegations in the Hunt Complaint), the Complaint is directly tied to the alleged patient relationship between ANHC and Plaintiffs. Plaintiffs allege they are current patients of ANHC, were required to provide their "PII" and "PHI" in connection with this physician-patient relationship, and that they have now suffered personal injury as a result of ANHC's alleged failure to comply with HIPAA and alleged breach of physician-patient confidentiality that resulted from these alleged failures. *See* Ex. A, CAC, ¶¶ 116-127. Plaintiffs expressly

NOTICE OF REMOVAL
*Jacob Hunt, et. al., v. ANHC, Case No.* Page **17** of **20**

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
111 W 16th AVENUE, SUITE 203
ANCHORAGE, ALASKA 99501
(907) 563-8844
FAX (907) 563-7322

NOTICE OF REMOVAL
*Jacob Hunt, et. al., v. ANHC, Case No.* Page **17** of **20**
Case 3:26-cv-00048-SLG   Document 1   Filed 01/27/26   Page 17 of 20

allege "Defendant's duty of care to use reasonable security measures arose because of the special relationship that existed between Defendant and its employees, which is recognized by laws and regulation including, but not limited to, HIPAA, as well as common law." *Id.*, ¶ 163.

### B. Federal Officer Removal: 28 U.S.C. § 1442

48. The Court also has jurisdiction under 28 U.S.C. § 1442(a)(1), which affords a right of removal to "any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for *or relating to* any act under color of such office." 28 U.S.C. § 1442(a)(1) (emphasis added). The statute—in particular its "acting under" provision—is broadly construed in favor of a federal forum. *See Colorado v. Symes*, 286 U.S. 510, 517 (1932) ("It scarcely need be said that such measures [allowing for federal officer removal] are to be liberally construed to give full effect to the purposes for which they were enacted."); *Willingham v. Morgan*, 395 U.S. 402, 406–07 (1969) ("The federal officer removal statute is not narrow or limited") (internal citation omitted); *see also Jefferson Cnty. v. Acker*, 527 U.S. 423, 431 (1999) (Section 1442(a)(1) permits removal even when underlying federal question arises only as defense to state-law claim); *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 644 n.12 (2006) (noting federal officer removal statute operates as an exception to the "well-pleaded complaint" rule).

49. Consistent with this history of broad construction, the federal government is presently urging the Supreme Court to adopt an expansive understanding of the term "relating to" in *Chevron USA, Inc., v. Plaquemines Parish*, *Louisiana, et. al.*, No. 24-813

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
111 W 16th AVENUE, SUITE 203
ANCHORAGE, ALASKA 99501
(907) 563-8844
FAX (907) 563-7322

NOTICE OF REMOVAL
*Jacob Hunt, et. al., v. ANHC, Case No.*
Page 18 of 20
Case 3:26-cv-00048-SLG   Document 1   Filed 01/27/26   Page 18 of 20

(argued Jan. 12, 2026), where the United States emphasized that Congress's 2011 amendments to § 1442 were intended to sweep in any suit bearing a meaningful "connection or association" to acts under federal authority.

50. ANHC a nonprofit corporation operating a federally-supported community health center project, is entitled to invoke § 1442(a)(1) as a person acting under a federal officer and, in asserting official immunity based on its "final and binding" status as a deemed PHS employee, 42 U.S.C. § 233(g)(1)(F). *See Agyin*, 986 F.3d at 177 (concluding deemed health center was "subject to federal oversight and control" sufficient to render health center physician "acting under" a federal officer for 28 U.S.C. § 1442(a)(1)) and noting "the government itself has invoked § 1442 on behalf of deemed employees" and "did not err in doing so"); *accord Krandle v. Refuah Health Ctr., Inc.*, No. 22-cv-4907, 2023 WL 2662811, at *11 (S.D.N.Y. March 28, 2023) (concluding deemed health center facing putative data-breach class action was tasked "to 'carry out the duties of the federal government to provide medical care to the indigent,' [and] must keep patient records safe as required by federal statute, arguably qualifying [deemed health center's] actions as 'acting under' color of federal regulations" for purposes of 28 U.S.C. 1442(a)(1)).

51. Moreover, ANHC raises a colorable federal defense to Plaintiffs' claims, which is not only immunity under section 233(*l*) but also that ANHC did not violate HIPAA as repeatedly alleged in Plaintiffs' Complaint. As the Supreme Court has held, when an alleged, and disputed, federal statutory violation forms the basis for plaintiff's state law claims, removal under 28 U.S.C. 1442(a)(1) is appropriate. "To assert that a federal statute does *not* impose certain obligations whose alleged existence forms the basis of a civil suit

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
111 W 16th AVENUE, SUITE 203
ANCHORAGE, ALASKA 99501
(907) 563-8844
FAX (907) 563-7322

is to rely on the statute in just the same way as asserting that the statute *does* impose other obligations that may shield the federal officer against civil suits." *Mesa v. California*, 489 U.S. 121 (1989): 489 U.S. at 130 (emphasis in original). "Both are equally defensive and equally based in federal law." *Id.*; *see also Jefferson Cty., Ala. v. Acker*, 527 U.S. 423, 431 (1999) (holding that "[u]nder the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends upon federal law").

## VII. RESERVATION OF RIGHTS AND DENIAL OF LIABILITY

52. Nothing in this Notice of Removal is intended to be, or should be construed as, an express or implied admission by ANHC of any fact alleged by Plaintiffs; of the validity or merit of any of Plaintiffs' claims and allegations; or as a limitation of any of ANHC's rights, claims, remedies, and defenses in connection with this action.

DATED this 27th day of January, 2026 at Anchorage, Alaska.

JERMAIN DUNNAGAN & OWENS, P.C.
Attorneys for Anchorage Neighborhood Health Center Inc.

 /s/ Scott J. Gerlach
Scott J. Gerlach
Alaska Bar No. 0711084

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
111 W 16th AVENUE, SUITE 203
ANCHORAGE, ALASKA 99501
(907) 563-8844
FAX (907) 563-7322

NOTICE OF REMOVAL
*Jacob Hunt, et. al., v. ANHC, Case No.*
Case 3:26-cv-00048-SLG   Document 1   Filed 01/27/26   Page 20 of 20
Page 20 of 20