**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| JACOB HUNT and STEVEN ALEXANDER, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>ANCHORAGE NEIGHBORHOOD HEALTH CENTER, INC.,<br><br>Defendant. | Case No. 3:26-cv-00048-SLG |

**ORDER ON MOTION TO REMAND**

Before the Court at Docket 5 is a Motion to Remand filed by Plaintiffs Jacob Hunt and Steven Alexander. Defendant Anchorage Neighborhood Health Center ("ANHC") responded in opposition at Docket 8, to which Plaintiffs replied at Docket 11. Oral argument was not requested and was not necessary to the Court's determination.

The Court on this date entered an order in *Hoy, et al. v. Anchorage Neighborhood Health Center, Inc.* that addresses the identical issue as Plaintiffs' motion here.[1] For the reasons set forth in that order, a copy of which is attached to this order, the motion to remand is **DENIED**.

[1] *See* Docket 47 (Case No. 3:25-cv-00298-SLG).

## FACTUAL BACKGROUND

ANHC is a non-profit federally funded health center that provides medical, dental, and behavioral health services to communities in and around Anchorage, Alaska.[2] ANHC has been a "deemed" PHS entity each year since at least 2010.[3]

In August 2025, ANHC was the target of a cybersecurity data breach.[4] The August 2025 attack allegedly resulted in the unauthorized disclosure of Plaintiffs' EHR maintained by ANHC's employees.[5] Allegedly, "the Data Breach included certain [personal identifiable information ("PII") and protected health information ("PHI") (collectively, "PII/PHI")] of Defendant's current and former patients, including Plaintiffs."[6] The PII/PHI allegedly compromised in the Data Breach included "name, date of birth, Social Security Numbers, driver's license/state identification number, medical treatment information, and/or health insurance information."[7]

The two named Plaintiffs were patients at ANHC and, on November 19, 2025, ANHC provided each Plaintiff with a notice that their PII/PHI was compromised in the Data Breach.[8] Plaintiffs allege that they "provided Defendant

---

[2] Docket 1 at ¶ 2; Docket 1-1 at ¶¶ 2, 19, 24.

[3] Docket 1-2 (Notice of Deeming Action); *see also* Docket 8 at 6 (citing Docket 1-2).

[4] Docket 1-1 at ¶ 1.

[5] Docket 1-1 at ¶¶ 1, 3, 6-7.

[6] Docket 1-1 at ¶ 3.

[7] Docket 1-1 at ¶ 3 (citing Docket 1-1 at 44-45).

[8] Docket 1-1 at ¶ 118 (citing Docket 1-1 at 44-45).

with their sensitive PII and PHI as a condition of receiving healthcare services" and that ANHC "fail[ed] to implement adequate and reasonable cyber-security procedures and protocols necessary to protect individuals' Private Information with which they were entrusted for Defendant's services."[9]

On December 9, 2025, Plaintiffs initiated this action in state court as a putative class action; the summons and Complaint were served on ANHC on January 7, 2025.[10] Plaintiffs seek to represent "[a]ll persons whose Private Information was compromised because of the August 2025 Data Breach."[11] Plaintiffs allege three claims on behalf of themselves and the proposed class: (1) negligence[12]; (2) breach of implied contract[13]; and (3) unjust enrichment[14]. Plaintiffs allege that "[b]ecause of Defendant's failure to prevent—and timely detect—the Data Breach, Plaintiffs and the proposed Class have suffered and will continue to duffer damages, including monetary losses, lost time, anxiety, and emotional distress."[15] As relief, Plaintiffs seek class certification, an injunction and equitable relief, damages, and attorneys' fees.[16]

---

[9] Docket 1-1 at ¶ 5, 118.

[10] Docket 1 at ¶ 1; Docket 1-1 at 43.

[11] Docket 1-1 at ¶ 145.

[12] Docket 1-1 at ¶¶ 159-72.

[13] Docket 1-1 at ¶¶ 173-84.

[14] Docket 1-1 at ¶¶ 185-99.

[15] Docket 1-1 at ¶ 84.

[16] Docket 1-1 at 42-43.

On January 6, 2026, the United States filed a Notice of the United States Under 42 U.S.C. § 233(*l*)(1) in state court.[17] The Notice stated that "although HHS 'deemed' [ANHC] to be an 'employee of the [PHS]' for the relevant time period, Plaintiffs' Complaint does not allege an injury resulting from the performance of functions for which [ANHC] was 'deemed' to be a [PHS] employee or for which § 233(a) makes the remedy against the United States exclusive."[18] Therefore, the United States declined to intervene in the case or remove the case to federal court.[19]

On January 27, 2026, ANHC removed this case to federal court.[20] ANHC's Notice of Removal provided four bases for removal: 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1442 (federal officer removal jurisdiction); 28 U.S.C. § 2679(d) (the FTCA); and 42 U.S.C. § 233 (federally qualified health center immunity).[21] On February 24, 2026, Plaintiffs moved to remand this case back to state court.

## LEGAL STANDARD

This case centers on 42 U.S.C. § 233(a), which provides in relevant part as follows:

---

[17] Docket 1-5.

[18] Docket 1-5 at ¶ 3.

[19] Docket 1-5 at ¶ 4.

[20] Docket 1.

[21] Docket 1 at 1.

> The remedy against the United States provided by [the FTCA] . . . for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

When a defendant claims that § 233(a) immunity applies, but the Attorney General fails to appear in the action, then pursuant to § 233(*l*)(2), "the civil action or proceeding shall be removed to the appropriate United States district court. The civil action or proceeding shall be stayed in such court until such court conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim for damages described in subsection (a) and issues an order consistent with such determination." The matter must be remanded to the state court if the district court "determine[s] on a hearing on a motion to remand held before a trial on the merit that the case so removed is one in which a remedy by suit within the meaning of [§ 233(a)] is not available against the United States."[22]

---

[22] 42 U.S.C. § 233(c).

## DISCUSSION

Plaintiffs maintain that the Data Breach did not stem from ANHC providing a "related function" and therefore removal pursuant to 42 U.S.C. § 233(a) was improper.[23] ANHC disagrees.[24] This Court addressed this same issue in an order entered on this date in *Hoy, et al. v. Anchorage Neighborhood Health Center, Inc.*[25] For the same reasons set forth in that order, the Court here too finds that Plaintiffs' data breach claims are derived from ANHC providing medical care to Plaintiff, and thus constitute a "related function" under 42 U.S.C. § 233(a). Accordingly, removal of this action by ANHC to federal court pursuant to 42 U.S.C. § 233 was proper.

## CONCLUSION

In light of the foregoing, Plaintiffs' Motion to Remand at Docket 5 is **DENIED**.

DATED this 16th day of September, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[23] Docket 5 at 10. Plaintiffs also maintain that removal pursuant to 28 U.S.C. § 1442, which provides federal jurisdiction over certain cases involving claims against federal officers, was "inappropriate." Docket 5 at 14. However, because the Court finds that removal pursuant to § 233 was proper, the Court does not address Plaintiffs' alternative argument.

[24] Docket 8 at 9-16.

[25] *See* Docket 47 (Case No. 3:25-cv-00298-SLG).